

April 11, 2018

**VIA ECF**

Hon. Richard J. Sullivan
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007
sullivannysdchambers@nysd.uscourts.gov

      **Re:** *Jeana K. Reinbold, as Chapter 7 Trustee of the Estate of Sandburg Mall Realty Management LLC v. Mehran Kohansieh, et al.*,
           **17-CV-06468 (RJS)**

Dear Judge Sullivan:

Jeana K. Reinbold, not individually but solely as Chapter 7 Trustee (the "Plaintiff") of the Estate of Sandburg Mall Realty Management, LLC and Defendants Mehran Kohansieh (a/k/a Mike Kohan and/or Mike Kohen d/b/a Kohan Retail Investment Group) ("Kohan"), Michael Khakshoor ("Michael"), Yousef Khakshoor ("Yousef") and North Park Realty Management, LLC ("North Park") (collectively, "Parties") submit this joint letter in response to the Court's Order, dated April 6, 2018 [24] terminating the Letter Motion for Extension of Time, ordering that the parties submit a joint letter summarizing the relevant procedural history and explaining why they believe the involvement of the bankruptcy court is necessary to effectuate the settlement by April 11, 2018.

## Relevant Procedural History

On June 5, 2014 ("Petition Date"), Sandburg Mall Realty Management LLC ("Debtor") filed a Chapter 11 bankruptcy petition, Bankr. Case No. 14-81063 ("Bankruptcy Case") in the United States Bankruptcy Court for the Central District of Illinois ("Bankruptcy Court"). On April 28, 2015, the Bankruptcy Case was converted to Chapter 7, and the Plaintiff was appointed Chapter 7 trustee of the case on that date.

On June 2, 2016, the Plaintiff filed a Complaint, Adv. Case No. 16-08024 (Bankr. C.D. ΔIll.), against the Kohan, Michael, Yousef, and North Park ("Defendants") as an adversary proceeding ("Adversary Case") related to the Bankruptcy Case.

All Defendants were properly served and filed appearances in the Adversary Case. On August 19, 2016, the Defendants filed a motion to dismiss the adversary proceeding. On January 31, 2017, the Bankruptcy Court rendered a decision dismissing Counts V through IX of the Complaint, which were determined to be "core" proceedings as defined in 28 U.S.C. § 157(b), that were time-barred. The remaining causes of action were determined to be non-core claims that were subject to the forum selection clause in the Amended Sandburg Mall Realty Management, LLC operating agreement designating New York as the proper venue to pursue the remaining claims brought by the Trustee on behalf of Sandburg Mall Realty Management, LLC.  On August 11, 2017, the Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), was granted and the Bankruptcy Court entered an amended order (Adv. Case Doc. #75) transferring the Adversary Case to the United States District Court for the Southern District of New York ("District Court").

## Bankruptcy Rule 9019 Approval

As a result of this Adversary Case originating from the Sandburg Mall Realty Management, LLC Bankruptcy Case, the Trustee needs to seek approval of the settlement pursuant to Rule 9019 (a) of the Federal Rule of Bankruptcy Procedure. Bankruptcy Rule 9019(a) reads as follows: "(a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a) (2018).[1]

The main question in approving a bankruptcy settlement is "whether the settlement is in the best interests of the estate." *See, e.g., In re Meier,* 2015 WL 6579039 (Bankr. N.D. Ill.) (citing *In re Andreuccetti,* 975 F.2d 413, 421 (7th Cir. 1992); *Matter of Energy Coop., Inc.,* 886 F.2d 921, 927-29 (7th Cir. 1989). To answer this question, the court must compare the settlement terms with the probable costs and benefits of continued litigation, and whether the value of the proposed compromise distribution is reasonably equivalent

---

[1] The United States Bankruptcy Court for the Northern District of Ohio recently collected cases to hold that a "proceeding remains subject to the Federal Rules of Bankruptcy Procedure, regardless of whether the proceeding is being heard by a district judge or a bankruptcy judge." *In re Fair Finance Co.*, 2018 WL 1069443, at *3 (Feb. 23, 2018 Bankr. M.D. Ohio) (citing Fed. R. Bankr. P. 1001; Fed. R. Civ. P. 81(a)(2); *Rosenberg v. DVI Receivables XIV, LLC,* 818 F.3d 1283, 1287 (11th Cir. 2016) ("Moreover, the Federal Rules of Civil Procedure provide for the primacy of the Federal Bankruptcy Rules in bankruptcy proceedings adjudicated in district court."); *Diamond Mortg. Corp. of Ill. v. Sugar*, 913 F.2d 1233, 1240–41 (7th Cir. 1990) (explaining that the Bankruptcy Rules apply to cases and proceedings before district judges or bankruptcy judges); *Owens–Ill. v. Rapid Am. Corp., (In re Celotex Corp.),* 124 F.3d 619, 629–30 (4th Cir. 1997) (same); *Phar–Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1236–37 (3d Cir. 1994) (same); *Redhawk Global, LLC v. World Projects Int'l,* 495 B.R. 368, 374 (S.D. Ohio 2013) (same); *VFB LLC v. Campbell Soup Co.*, 336 B.R. 81, 83 (D. Del. 2005) (applying the bankruptcy rules in a fraudulent conveyance action that originated in district court)).

x

to the value of the potential claim which has been surrendered or modified by the settlement which has been achieved. *Id.* (citing *In re Commercial Loan Corp.,* 316 B.R. 690, 697 (Bankr. N.D. Ill. 2004); *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987); *Matter of Energy Coop.,* 886 F.2d at 929)). The test for reasonable equivalence is whether the terms of the proposed compromise fall within the reasonable range of litigation possibilities, and a challenged settlement fails this test only if its falls below the lowest point in the range of reasonableness. *Id.* Relevant factors to consider in evaluating a proposed settlement include: "(1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense and inconvenience in delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.* (citing *In re Patel,* 43 B.R. 500, 504 (N.D. Ill. 1984); *In re Am. Reserve Corp.,* 841 F.2d 159, 161-62 (7th Cir. 1987)).

The parties had presumed that the "court" to consider a settlement of a cause of action in a bankruptcy case, such as the Adversary Case in this matter, was the originating Bankruptcy Court, since ordinarily the decision to approve a settlement is within a bankruptcy court's discretion. *Id.* (citing *Depoister v. May M. Holloway Foundation,* 36 F.3d 582, 586-87) (7th Cir. 1994)). Upon further research following the District Court's April 6, 2018 text order, the parties note that Rule 9001 was amended in 1987 "to include a definition of 'court or judge'" to mean the judicial officer before whom a case or proceeding is pending." *See* 1987 Advisory Committee Note to Fed. R. Bankr. P. 9001(4). The amendment stated that "[s]ince a case or proceeding may be before a bankruptcy judge or a judge of the district court, 'court or judge' is defined to mean the judicial officer before whom the case or proceeding is pending." *Id.*; *see also In re Roete,* 936 F.2d 963, 967 (7th Cir. 1991) (holding that the term "court" could also apply to the district court under Bankr. Rule 9011); *In re Merritt Logan, Inc.*, 109 B.R. 140, 146 (Bankr. E.D. Pa. 1990) (holding that Bankr. Rule 7013 and not Fed. R. Civ. P. 13 applied in proceeding removed to district court).

Therefore, based on the above, the Parties revise their prior communication to the Court to request that the trustee as Plaintiff be given leave of twenty-one (21) days to file a motion and notice to approve the settlement and compromise pursuant to Rules 9019 and 2002 of the Federal Rules of Bankruptcy Procedure, with either the District Court or Bankruptcy Court based upon the preference the District Court. The Plaintiff and Defendants' counsel also respectfully request a telephonic conference for any further questions the District Court may have regarding the proper procedure for consideration of the settlement.

Sincerely,

/s/ Patrick M. Jones
Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of Sandburg Mall Realty Management, LLC

By: Patrick M. Jones
One of her attorneys


/s/ Thomas A. Farinella
Attorney for the Defendants Mehran Kohansieh, Michael Khakshoor, Youself Khakshoor and North Park Realty Management, LLC


cc:  Jeana K. Reinbold (via email)
     Tracy Klestadt (via email)
     Jeremy Berman (via email)

**100 South State Street, Chicago, Illinois 60603**