UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEANA K. REINBOLD, *solely as Chapter 7 Trustee of the Estate of Sandburg Mall Realty Mgmt. LLC*

Plaintiff,

-v-

MEHRAN KOHANSIEH, *et al.*,

Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/18

No. 17-cv-6468 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of a letter from the parties informing the Court that they have reached a settlement of all issues in this case (Doc. No. 24) and another letter from the parties requesting leave to file a motion for approval of the settlement pursuant to Federal Rule of Bankruptcy Procedure 9019(a), which provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Rule 9019(a) further provides that "[n]otice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in [Federal] Rule [of Bankruptcy Procedure] 2002[.]" The parties agree that the settlement may be submitted for approval to this Court. (Doc. No. 25.) Accordingly, IT IS HEREBY ORDERED THAT, by May 3, 2018, the parties shall (1) provide the Court a copy of the settlement agreement and (2) submit a joint letter to the Court explaining why the settlement is fair, reasonable, and in the best interests of the estate, applying the criteria set forth in *In re Iridium Operating LLC*, 478 F.3d 452, 463 (2d Cir. 2007). Specifically, the parties should address the following factors, which the Court will consider in determining whether to approve the proposed settlement: "(1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience,

and delay, including the difficulty in collecting on the judgment; (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement; (4) whether other parties in interest support the settlement; (5) the competency and experience of counsel supporting . . . the settlement; (6) the nature and breadth of releases to be obtained by officers and directors [if applicable]; and (7) the extent to which the settlement is the product of arm's length bargaining." *Id.*

IT IS FURTHER ORDERED THAT the parties shall provide the notice required by Rule 9019(a) and Rule 2002, as described above, by May 3, 2018.

IT IS FURTHER ORDERED THAT the parties shall appear for a settlement approval hearing on May 25, 2018 at 3:30 p.m.

IT IS FURTHER ORDERED THAT all other pending deadlines in this case are adjourned *sine die*.

SO ORDERED.

Dated:   April 15, 2018
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE