KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
Brendan M. Scott
200 West 41 Street, 17th Floor
New York, NY 10036
Tel. (212) 972-3000
Fax. (212) 972-2245

*Attorneys for the Plaintiff-Trustee*

__Hearing Date__: May 25, 2018
__Hearing Time__: 3:30 p.m.

__Objection Deadline__: May 25, 2018
                        12:00 pm

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEANA K. REINBOLD solely as Chapter 7
Trustee of the Estate of Sandburg Mall Realty
Management LLC,
                Plaintiff,

17-cv-06468-RJS

MEHRAN KOHANSIEH, a/k/a MIKE
KOHAN, a/k/a MIKE KOHEN, d/b/a KOHAN
RETAIL INVESMENT GROUP, MICHAEL
KHAKSHOOR, YOUSEF KHAKSHOOR and
NORTH PARK REALTY MANAGEMENT
LLC,
                Defendants.

## NOTICE OF HEARING ON PLAINTIFF-TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT AGREEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a)

**PLEASE TAKE NOTICE**, that a hearing on the *Plaintiff-Trustee's Motion for an Order Approving Settlement Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "Motion") shall be held on the 25th day of May, 2018, at 3:30 p.m. (Eastern), or as soon thereafter as counsel can be heard (the "Hearing Date"), before the Honorable Richard J. Sullivan, United States District Judge for the United States District Court for the Southern District of New York (the "District Court").

**PLEASE TAKE FURTHER NOTICE** that the Motion has been filed electronically with the Clerk of the United States District Court for the Southern District of New York and may

be reviewed by all registered users of the Court's website at www.nysd.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the Motion shall be made in writing, filed with the District Court by registered users of the District Court's electronic case filing system, and served upon (i) Klestadt Winters Jureller Southard & Stevens, LLP, 570 Seventh Avenue, 17th Floor, New York, New York 10017, Attn: Tracy L. Klestadt, attorneys for the Plaintiff-Trustee Jeana K. Reinbold solely as Chapter 7 Trustee of the Estate of Sandburg Mall Realty Management LLC; (ii) Thomas A. Farinella, PC, 260 Madison Avenue, 35th Floor, New York, New York 10016, Attn: Thomas A. Farinella, attorney for the Defendants Mehran Kohansieh, Michael Khakshoor, Youself Khakshoor and North Park Realty Management, LLC; (iii) the Office of the United States Trustee for the Central District of Illinois, 401 Main Street, Suite 1100, Peoria, Illinois 61602; and (iv) and those parties that have requested notice in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure by 12:00 p.m. on **May 25, 2018**.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing Date may be adjourned from time to time without notice to any creditor or other party in interest other than by announcement of the adjourned date in open court on the Hearing Date.

Dated:  New York, New York
          May 3, 2018

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP


By:   */s/ Tracy L. Klestadt*
       Tracy L. Klestadt
       Brendan M. Scott
       200 West 41 Street, 17th Floor
       New York, New York 10036
       Tel: (212) 972-3000
       Fax: (212) 972-2245
       *Attorneys for the Plaintiff-Trustee*

KLESTADT WINTERS JURELLER      <u>Hearing Date</u>: May 25, 2018
SOUTHARD & STEVENS, LLP      <u>Hearing Time</u>: 3:30 p.m.
Tracy L. Klestadt
Brendan M. Scott      <u>Objection Deadline</u>: May 25, 2018
200 West 41 Street, 17th Floor                      12:00 pm
New York, NY 10036
Tel. (212) 972-3000
Fax. (212) 972-2245

*Attorneys for the Plaintiff-Trustee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEANA K. REINBOLD solely as Chapter 7 Trustee of the Estate of Sandburg Mall Realty Management LLC,<br><br>                Plaintiff,<br><br>MEHRAN KOHANSIEH, a/k/a MIKE KOHAN, a/k/a MIKE KOHEN, d/b/a KOHAN RETAIL INVESMENT GROUP, MICHAEL KHAKSHOOR, YOUSEF KHAKSHOOR and NORTH PARK REALTY MANAGEMENT LLC,<br><br>                Defendants. | 17-cv-06468-RJS |

## PLAINTIFF-TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT AGREEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a)

Plaintiff-Trustee Jeana K. Reinbold solely as Chapter 7 Trustee of the Estate of Sandburg

Mall Realty Management LLC (the "<u>Plaintiff</u>" or the "<u>Trustee</u>"), hereby moves (the "<u>Motion</u>")

for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"<u>Bankruptcy Rules</u>") approving a settlement agreement (the "<u>Settlement Agreement</u>") with

Defendants Mehran Kohansieh (a/k/a Mike Kohan and/or Mike Kohen d/b/a Kohan Retail

Investment Group) ("<u>Kohan</u>"), Michael Khakshoor ("<u>Michael</u>"), Yousef Khakshoor ("<u>Yousef</u>")

and North Park Realty Management, LLC ("<u>North Park</u>") (collectively, "<u>Defendants</u>"), a copy of

which is annexed hereto as **Exhibit A**. In support of the Motion, the Trustee respectfully

represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§1408 and 1409, and as further described in Paragraph 5 below. The predicate for the relief requested herein is Rule 9019 of the Bankruptcy Rules.

## BACKGROUND

2.      On June 5, 2014 (the "Petition Date"), the Debtor filed a voluntary petition, Bankruptcy Case No. 14-81063 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Central District of Illinois (the "Bankruptcy Court") for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

3.      On April 28, 2015, the Bankruptcy Case was converted to a proceeding under Chapter 7, and the Plaintiff was appointed Chapter 7 trustee of the case on that date.

4.      On June 2, 2016, the Plaintiff filed a Complaint, Adversary Case No. 16-08024 in the Bankruptcy Court, against the Defendants (the "Adversary Case").

5.      All of the Defendants were properly served and filed appearances in the Adversary Case. On August 19, 2016, the Defendants filed a motion to dismiss the adversary proceeding. On January 31, 2017, the Bankruptcy Court rendered a decision dismissing Counts V through IX of the Adversary Case, which were determined to be "core" proceedings as defined in 28 U.S.C. § 157(b), that were time-barred. The remaining causes of action in Counts I through IV were determined to be non-core claims that were subject to the forum selection clause in the Amended Sandburg Mall Realty Management, LLC operating agreement designating New York as the proper venue to pursue the remaining claims brought by the Trustee on behalf of Sandburg

Mall Realty Management, LLC.  On August 11, 2017, the Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), was granted and the Bankruptcy Court entered an amended order (Adv. Case Doc. No. 75) transferring the Adversary Case to the United States District Court for the Southern District of New York ("District Court").

## THE SETTLEMENT AGREEMENT

6.      The Settlement Agreement was negotiated between the Plaintiff and Defendants following the receipt, review and discussion of discovery from the Defendants in this case. The Plaintiff submits that the Settlement Agreement is fair and equitable, and is in the best interests of the Debtor, its creditors and its estate, and should therefore be approved.

7.      The salient terms[1] of the Settlement Agreement are as follows:

- Kohan, Michael, Yousef and North Park shall pay the sum of ninety thousand dollars ($90,000.00) (the "Settlement Amount") to the Trustee as follows: (1) Kohan shall deliver a payment in the amount of forty-five thousand dollars ($45,000.00) to the Trustee on or before thirty (30) days after the date of the Settlement Agreement, and (2) Michael and Yousef shall deliver a payment in the amount of forty-five thousand dollars ($45,000.00) to the Trustee on or before sixty (60) days after the date of the Settlement Agreement.

- Upon entry of a final nonappealable order approving the Settlement Agreement and timely payment in full of the Settlement Amount the Trustee, on the one hand, and Kohan, Michael, Yousef and North Park, on the other hand, shall be deemed to have released, waived and discharged each other from any further claims, subject to the non-disgorgement provision set forth in Paragraph 3 of the Settlement Agreement.

- Upon entry of a final nonappealable order approving the Settlement Agreement and timely payment in full of the Settlement Amount, the Trustee shall submit to the Bankruptcy Court and/or District Court orders dismissing the Adversary Case, subject to the non-disgorgement provision set forth in Paragraph 3 of the Settlement Agreement.

---

[1] The foregoing summary is qualified by the terms of the Settlement Agreement. If anything in this summary is inconsistent with the Settlement Agreement, the Settlement Agreement shall control.

## BASIS FOR RELIEF REQUESTED

8.      Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). In ruling on a motion pursuant to Bankruptcy Rule 9019(a), the court must find that the proposed settlement is fair and equitable and is in the best interests of the estate. Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968); Motorola, Inc. v. Official Comm. Of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 461 (2d Cir. 2007); Fischer v. Pereira (In re 47-49 Charles Street, Inc.), 209 B.R. 618, 620 (S.D.N.Y. 1997); In re Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd 17 F.3d 600 (2d Cir. 1994); In re Fugazy, 150 B.R. 103 (Bankr. S.D.N.Y. 1993).

9.      In order to reach such a decision, the Court must be apprised "of all facts necessary for an intelligent and objective opinion" of whether the claim will be successful, the likely expense, length and the degree of complexity of the litigation, the potential difficulties of collecting on a judgment "and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." TMT Trailer Ferry, 390 U.S. at 424.

10.     To constitute a fair and equitable compromise or settlement, the Court must find that the settlement does not "fall below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W.T. Grant Co)., 699 F.2d 599, 608 (2d Cir. 1983); In re Drexel Burnham Lambert Group, Inc., 138 B.R. 723, 758-59 (Bankr. S.D.N.Y. 1992); In re Int'l Distribution Centers, Inc., 103 B.R. 420, 423 (Bankr. S.D.N.Y. 1989).

11.     The Court should also consider the fair and reasonable course of action for the debtor's estate, with the limited available assets, giving consideration to the interests of creditors and the avoidance of burdening the estate with undue waste or needless or fruitless litigation. In

re Del Grosso, 106 B.R. 165, 167-168 (Bankr. N.D. Ill. 1989); see also In re Culmtech, Ltd., 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990); In re Lawrence & Erausguin, Inc., 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990); In re Bell & Beckwith, 93 B.R. 569, 574-75 (Bankr. N.D. Ohio 1988).

12.     The Court is not required to determine conclusively the merits of a claim subject to compromise or to find that a proposed settlement constitutes the best results obtainable to ensure that the settlement reaches the threshold of reasonableness. Instead, the Court should "canvass the issues" to determine whether the proposed settlement is fair and equitable, is in the best interests of the estate and otherwise does not fall outside the range of reasonableness. In re Apex Oil Co., 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988).

### The Settlement Agreement Should Be Approved

13.     Here, several factors were considered by the Debtor in determining that entering into the Settlement Agreement is in the best interests of the creditors of the Bankruptcy Estate.

14.     First, the Trustee and the Defendants engaged in negotiations in good faith, at arms' length, and were represented by counsel experienced in litigation and bankruptcy. As a result, both parties were fully informed and advised with respect to the settlement embodied by the Settlement Agreement.

15.     Second, the Settlement Agreement fully and finally resolves the Adversary Case. A key witness to the Plaintiff's case has become uncooperative and the witness' credibility has also been called into question through items produced by the Defendants in discovery. Should the case proceed, the Plaintiff assumes the significant risk of proving her case with a hostile and unreliable witness, at great cost and with no assured outcome. The claims presented in the Adversary Case also present an all or nothing outcome for the bankruptcy estate. If the Plaintiff does not succeed in the litigation, the estate will receive nothing.

16.     Based upon the foregoing, the Debtor respectfully submits that the settlement embodied by the Settlement Agreement is fair and equitable, is in the best interests of the Debtor's estate, and is well above the lowest point in the range of reasonableness.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order, substantially in the form annexed hereto as **Exhibit B**, approving the Settlement Agreement, and granting such other and further relief as may be just and proper.

Dated:   New York, New York
   May 3, 2018

            KLESTADT WINTERS JURELLER
            SOUTHARD & STEVENS, LLP


By: */s/ Tracy L. Klestadt*
   Tracy L. Klestadt
   Brandon M. Scott
   200 West 41 Street, 17th Floor
   New York, New York 10036
   Tel: (212) 972-3000
   Fax: (212) 972-2245

   *Attorneys for the Plaintiff-Trustee*

   and

   Patrick M. Jones (Pro Hac admission pending)
   PMJ PLLC
   100 South State Street
   Chicago, Illinois 60603
   Tel: (312) 255-7976
   Cell: (312) 404-3225

**<u>Exhibit  A</u>**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("AGREEMENT") is made and entered into by and between Jeana K. Reinbold, solely as Chapter 7 Trustee ("TRUSTEE") of the Estate ("ESTATE") of Sandburg Mall Realty Management LLC d/b/a Sandburg Mall f/d/b/a Sanburg Mall Realty Management, LLC ("DEBTOR") and Mehran Kohansieh (a/k/a Mike Kohan and/or Mike Kohen d/b/a Kohan Retail Investment Group) ("KOHAN"), Michael Khakshoor ("MICHAEL"), Yousef Khakshoor ("YOUSEF") and North Park Realty Management, LLC ("NORTH PARK").

## RECITALS

WHEREAS, the DEBTOR filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on June 5, 2014, which was assigned Case Number 14-81063 ("CASE") in the United States Bankruptcy Court for the Central District of Illinois ("COURT");

WHEREAS, the CASE was converted to chapter 7 on April 28, 2015 and the TRUSTEE was appointed chapter 7 trustee of the CASE on that same date;

WHEREAS, the TRUSTEE commenced an adversary proceeding in this case against KOHAN, MICHAEL, YOUSEF and NORTH PARK (collectively, "DEFENDANTS") which seeks damages against the DEFENDANTS jointly and severally for damages relating to the use of funds of the DEBTOR in the amount of $6.75 million on or about March 25, 2008 for the purchase of property located at 17117 West Nine Mile Road in Southfield, Michigan for the benefit of NORTH PARK. KOHAN, MICHAEL and YOUSEF were members of NORTH PARK. Said adversary proceeding was assigned Adversary Case Number 16-8024 by the COURT and subsequently transferred to the District Court for the Southern District of New York where it was assigned Case Number 17-cv-06468 ("DISTRICT COURT");

1

WHEREAS, KOHAN, MICHAEL, YOUSEF and NORTH PARK each dispute that the above transfers are avoidable or recoverable on the grounds that such claims are time-barred and/or cannot be proven;

WHEREAS, to settle the above issues, the KOHAN, MICHAEL, YOUSEF and NORTH PARK have entered into this AGREEMENT, subject to the approval of the COURT and/or DISTRICT COURT;

NOW, THEREFORE, the TRUSTEE, KOHAN, MICHAEL, YOUSEF and NORTH PARK agree as follows:

1.   **PAYMENT OF THE SETTLEMENT AMOUNT.**   KOHAN, MICHAEL, YOUSEF and NORTH PARK shall pay the sum of ninety thousand dollars ($90,000.00) to the TRUSTEE ("SETTLEMENT AMOUNT").  Said sum shall be paid in full as follows:

(a)   KOHAN shall deliver a payment in the amount of forty-five thousand dollars ($45,000.00) to the TRUSTEE on or before thirty (30) days after the date of this AGREEMENT. Said sum shall be paid by cashier's check and be held in escrow by the TRUSTEE pending approval of the AGREEMENT by the COURT and/or DISTRICT COURT; and

(b)   MICHAEL and YOUSEF shall deliver a payment in the amount of forty-five thousand dollars ($45,000.00) to the TRUSTEE on or before sixty (60) days after the date of this AGREEMENT.  Said sum shall be paid by cashier's check and be held in escrow by the TRUSTEE pending approval of the AGREEMENT by the COURT and/or DISTRICT COURT; and

2.   **BREACH OF SETTLEMENT AGREEMENT.**   In the event no final and nonappealable order is entered approving this AGREEMENT or in the event of any breach of

2

any of the obligations set forth in paragraph 1 by KOHAN, MICHAEL and/or YOUSEF, this AGREEMENT shall be null and void in its entirety.

      3.    **DISGORGEMENT.**  In the event the TRUSTEE at any time receives a written demand to disgorge all or any portion of the SETTLEMENT AMOUNT, or the value thereof, and subsequently a final and nonappealable order or judgment of any court is entered requiring and/or authorizing the TRUSTEE to disgorge all or any portion of the SETTLEMENT AMOUNT, or the value thereof, then, upon such disgorgement, the Mutual General Releases of All Claims set forth in paragraph 4 of this AGREEMENT shall be deemed null and void in their entirety, any dismissal order of Adversary Number 16-8024 entered by the COURT, or any dismissal order of Case Number 17-cv-06468 entered by the DISTRICT COURT (collectively, "ADVERSARY CASE") pursuant to paragraph 5 of this AGREEMENT shall be deemed null and void in their entirety, and the parties hereto shall be restored to all of their respective rights, positions, defenses and claims with respect to (a) the ADVERSARY CASE; and (b) any other of their respective rights, positions, defenses and claims that existed immediately prior to their entry into this AGREEMENT.  The running of any applicable statute of limitations with respect to any of the rights, positions, defenses and claims encompassed by (a) and (b) of this paragraph 3 shall be deemed to have been tolled from the date of execution of this AGREEMENT by all parties hereto until the date of the occurrence of the last event which results in the applicability of this paragraph 3.

      4.    **MUTUAL GENERAL RELEASE OF ALL CLAIMS.**  Upon entry of a final nonappealable order approving this AGREEMENT and timely payment in full of the SETTLEMENT AMOUNT by KOHAN, MICHAEL and YOUSEF, and with the intention of

binding themselves and their successors and assigns, the TRUSTEE, on the one hand, and KOHAN, MICHAEL, YOUSEF and NORTH PARK, on the other hand, shall be deemed to have released, waived and discharged each other and each other's employees, directors, officers, affiliates, agents, attorneys, successors and assigns from all claims, demands, causes of action, and liabilities of any kind whatsoever, based upon any legal or equitable theory, whether contractual, common law, statutory, federal, state, local law or otherwise, whether known or unknown, asserted or unasserted, that the TRUSTEE, KOHAN, MICHAEL, YOUSEF and NORTH PARK ever had, now have or hereafter may have against each other on account of any matter which occurred prior to the date of execution of this AGREEMENT by all parties hereto, including, but not limited to, all of the TRUSTEE'S claims set forth in the ADVERSARY CASE and all secured and unsecured claims, if any, of KOHAN, MICHAEL, YOUSEF and NORTH PARK against the ESTATE.

Notwithstanding the above, the Mutual General Release of All Claims which is set forth above in this paragraph 4 shall be subject to the terms of paragraph 3 of this AGREEMENT.

5.   **DISMISSAL.**   Upon entry of a final nonappealable order approving this AGREEMENT and timely payment in full of the SETTLEMENT AMOUNT by KOHAN, MICHAEL and YOUSEF, the TRUSTEE shall submit to the COURT and/or DISTRICT COURT orders dismissing the ADVERSARY CASE. Said orders shall each expressly provide that they are subject to the terms of paragraph 3 of this AGREEMENT.

6.   **AUTHORITY TO EXECUTE; EFFECTIVENESS OF EXECUTION; WARRANTY OF OWNERSHIP.**  Each of the undersigned warrant and represent that each has the full power and authority to execute this document on behalf of the parties to this

AGREEMENT who shall be bound hereby and that the execution of this AGREEMENT shall not cause a violation of any provision of applicable law or agreement or contract any party to this AGREEMENT may have with any third party person or entity.  Further, KOHAN warrants that he is the sole owner of all funds used to pay his portion of the SETTLEMENT AMOUNT. MICHAEL and YOUSEF also warrant that they are the sole owner of all funds used to pay their portion of the SETTLEMENT AMOUNT.

7.     **COMPLETE AGREEMENT.** This AGREEMENT represents the complete understanding between the TRUSTEE, KOHAN, MICHAEL, YOUSEF and NORTH PARK regarding the matters set forth herein and no other promises or agreements shall be binding upon any party to this AGREEMENT unless signed by all parties to this AGREEMENT. Further, this AGREEMENT supersedes and terminates any prior agreements or understandings between the parties, whether written or oral, with respect to the subject matter of this AGREEMENT.  Each of the parties acknowledge that no promises, commitments or representations have been made to any of the parties other than those set forth in this AGREEMENT, and that no party to this AGREEMENT has relied upon any statements or representations made by any other party that are not expressly stated in this AGREEMENT.  Each party is however relying on the statements, representations and warranties made by the other parties hereto as set forth in this AGREEMENT.

8.     **LIABILITY NOT ADMITTED.**  The TRUSTEE and KOHAN, MICHAEL, YOUSEF and NORTH PARK have admitted no liability to each other and, by execution of this AGREEMENT, said parties expressly acknowledge that they have denied any liability of

whatsoever kind or nature to each other, and said parties enter this AGREEMENT to avoid the further cost and expense of litigation.

9.      **COURT APPROVAL.** The parties acknowledge and agree that this AGREEMENT is subject to approval by the COURT and/or DISTRICT COURT.  In the event that a final nonappealable order is not entered approving this AGREEMENT, this AGREEMENT shall be null and void in its entirety and this AGREEMENT and any related settlement discussions will be inadmissible in any litigation of the matters set forth herein.  After this AGREEMENT has been signed by all parties, the TRUSTEE shall promptly file a motion for approval of this AGREEMENT by the COURT and/or DISTRICT COURT.

10.      **APPLICABLE LAW.** This AGREEMENT shall be governed by the laws of the State of Illinois, without regard to conflict of law principles.

11.      **FURTHER ASSURANCES.** The parties to this AGREEMENT covenant and agree that they shall timely execute such documents and perform such acts as are reasonably necessary to complete and consummate all terms and provisions of this AGREEMENT.

12.      **RECITALS INCORPORATED.** The recitals of this AGREEMENT are deemed incorporated into the terms of this AGREEMENT.

13.      **BINDING ON SUCCESSORS.** This AGREEMENT shall be binding and enforceable against and inure to the benefit of all lawful successors and assigns of the parties.

14.      **JURISDICTION.** The COURT and/or DISTRICT COURT shall retain jurisdiction to enforce this AGREEMENT according to its terms.

15.      **ATTORNEYS' FEES.** The parties hereto shall bear their own attorneys' fees and expenses in connection with the preparation and execution of this AGREEMENT and with

obtaining entry of a final nonappealable order approving the same.  However, after entry of said order, in the event that any party should find it necessary to retain an attorney to enforce of any of the provisions of this AGREEMENT, the party not in default shall be entitled to recover from the party in default for reasonable attorney's fees, expenses and court costs incurred whether said amounts are incurred for the purpose of negotiation, arbitration, trial, appellate or other legal services.

16. **COUNTERPARTS.** To facilitate execution, this AGREEMENT may be executed in as many counterparts as may be required, each of which is considered and deemed to be an original.  It shall not be necessary that the signature of each party appear on each counterpart; but it shall sufficient that the signature of each party appear on one or more of such counterparts.  All counterparts shall collectively constitute a single document.  The parties acknowledge that photocopies of this AGREEMENT which have been executed by the parties hereto shall be binding upon the parties as if such photocopies were originals regardless of whether such photocopies, including facsimile copies, have been delivered by personal service, regular mail, electronic mail delivery or facsimile transmission.

*(remainder of page intentionally left blank; signature page follows)*

IN WITNESS WHEREOF, the TRUSTEE, KOHAN, MICHAEL, YOUSEF and NORTH PARK acknowledge this AGREEMENT as stated herein by their signatures affixed below.

JEANA K. REINBOLD, solely as Chapter 7
Trustee of the Estate of Sandburg Mall Realty
Management LLC d/b/a Sandburg Mall f/d/b/a
Sanburg Mall Realty Management, LLC

_Jeana K. Obo, Trustee_

Subscribed and sworn to before me
this _1_ day of _May_, 2018

_Jennif Swuep_
NOTARY PUBLIC

OFFICIAL SEAL
JENNIFER SAWYER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/01/18

---

MEHRAN KOHANSIEH (a/k/a Mike Kohan and/or
Mike Kohen d/b/a Kohan Retail Investment Group)

Subscribed and sworn to before me
this _12th_ day of _April_, 2018

NOTARY PUBLIC

THOMAS A. FARINELLA
NOTARY PUBLIC, State of New York
No. 02FA6072309
Qualified in New York County
Commission Expires April 01, 2022

---

MICHAEL KHAKSHOOR

Subscribed and sworn to before me
this _24th_ day of _Apr.1_, 2018

NOTARY PUBLIC

THOMAS A. FARINELLA
NOTARY PUBLIC, State of New York
No. 02FA6072309
Qualified in New York County
Commission Expires April 01, 2022

---

YOUSEF KHAKSHOOR

_YKHAKSHOOR_

_MAY 1 - 2018_

Subscribed and sworn to before me
this _1_ day of _May_, 2018

NOTARY PUBLIC

8

NORTH PARK REALTY MANAGEMENT, LLC

By: _____

Its Authorized Officer

Subscribed and sworn to before me
this _12th_ day of _April_ , 2018

_____

NOTARY PUBLIC

THOMAS A. FARINELLA
NOTARY PUBLIC, State of New York
No. 02FA6072305
Qualified in New York County
Commission Expires April 01, 20 22

9

Serial No. 60/2018

מספר סידורי 60/2018

## AUTHENTICATION OF SIGNATURE

## אימוּת חֲתִימָה

i Ran Sivan notary AT 17 Kisufim st Jerusalem israel   hereby certify that on 01.05.2018 there appeared before me at my office Mr. Yousef Khakshoor whose identity was proved to me by Israeli ID no. 337730964    issued by Israel state on 19.03.2016 And signed of his own free will the document overleaf.

In witness whereof I hereby authenticate the signature of Mr. Yousef Khakshoor by my own signature and seal today 01.05.2018.

Fees paid: 192 NIS including VAT.

אני החי"מ רן סיון נוטריון מרחוב כיסופים 17 בירושלים מאשר  כי ביום 01.05.2018 ניצב לפני במשרדי מר חקשור יוסף שזהותו הוכחה לי על פי תעודת זהות ישראלית מספר 337730964 שהוצאה על ידי מדינת ישראל ביום 19.06.2013 וחתם מרצונו החופשי על המסמך שמעבר לדף.

ולראיה הנני מאמת/ת את חתימתו של מר חקשור יוסף בחתימת ידי ובחותמי, היום 01.05.2018.

שכרי בסך  192 ש"ח כולל מע"מ שולם.

חתימת הנוטריון
Signature

חותם הנוטריון
Notary's Seal

**<u>Exhibit  B</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEANA K. REINBOLD solely as Chapter 7      17-cv-06468-RJS
Trustee of the Estate of Sandburg Mall Realty
Management LLC,
               Plaintiff,

MEHRAN KOHANSIEH, a/k/a MIKE
KOHAN, a/k/a MIKE KOHEN, d/b/a KOHAN
RETAIL INVESMENT GROUP, MICHAEL
KHAKSHOOR, YOUSEF KHAKSHOOR and
NORTH PARK REALTY MANAGEMENT
LLC,
               Defendants.

### ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(A) APPROVING SETTLEMENT AGREEMENT

Upon the motion (the "Motion") of Jeana K. Reinbold solely as Chapter 7 Trustee of the

Estate of Sandburg Mall Realty Management LLC (the "Plaintiff" or the "Trustee"), for the entry

of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, approving a

settlement agreement (the "Settlement Agreement") with the Mehran Kohansieh (a/k/a Mike Kohan

and/or Mike Kohen d/b/a Kohan Retail Investment Group) ("Kohan"), Michael Khakshoor

("Michael"), Yousef Khakshoor ("Yousef") and North Park Realty Management, LLC ("North

Park") annexed to the Motion as **Exhibit A**; and sufficient notice of the Motion having been given,

and it appearing that no other or further notice is required; and after due deliberation and sufficient

cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.        The Motion is granted as provided herein.

2.        The Settlement Agreement is approved pursuant to Federal Rule of Bankruptcy

Procedure 9019.

3.        The Court shall retain jurisdiction with respect to all matters relating to the

interpretation or implementation of this Order.

Dated: New York, New York

_____ ___, 2018

_____
HONORABLE RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE